

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00023-CR

JORGE TOMAS PINA-SALAZAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 21F0727-102

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

A Bowie County jury convicted Jorge Tomas Pina-Salazar of indecency with a child by contact.[1] On appeal, Pina-Salazar claims that the trial court's written judgment does not agree with the sentence that the court orally pronounced in his presence. Upon review of the record, we find no significant discrepancy in the trial court's oral and written judgments; however, there is an internal inconsistency in the judgment. We will modify the judgment to correct this inconsistency. As a result, we overrule Pina-Salazar's point of error and affirm the trial court's judgment, as modified below.

## I.    Procedural History

The State tried Pina-Salazar on five indictments in one trial.[2] A detailed recitation of the evidence is not necessary. A Bowie County jury found Pina-Salazar guilty on all indictments, and recommended sentences for each. Per the jury's recommendations, the trial court assessed the following sentences:

- 06-22-00019-CR:    fifty years' imprisonment

- 06-22-00020-CR:    twenty years' imprisonment

- 06-22-00021-CR:    twenty years' imprisonment

- 06-22-00022-CR:    twenty years' imprisonment

- 06-22-00023-CR (the instant conviction):    twenty years' imprisonment

---

[1]*See* TEX. PENAL CODE ANN. § 21.11.

[2]We address Pina-Salazar's appeals of the other four cases in our opinions in cause numbers 06-22-00019-CR, 06-22-00020-CR, 06-22-00021-CR, and 06-22-00022-CR. Each of those convictions were for separate acts of sexual abuse of various children.

The trial court then declared that, "With regards to consecutive or concurrent, the Court is going to run [06-22-00020-CR], [06-22-00021-CR], and [06-22-00022-CR], those cases will run concurrent but they will run consecutive to [06-22-00019-CR]. And then Cause Number [06-22-00023-CR] will run consecutive to those two prior sentences."[3] Pina-Salazar lodged no objection to the trial court's sentences.

## II.  Analysis

Our opinion in cause number 06-22-00019-CR addresses Pina-Salazar's appellate complaint and explains why we overruled it. The reasoning in that opinion also addresses Pina-Salazar's complaint about the judgment in this case.[4]

That said, we have found an internal inconsistency in the judgment of the instant case. The judgment in this case reads as follows, "Punishment and Place of Confinement:  TWENTY (20) YEARS TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION; TO RUN CONSECUTIVELY TO [06-22-00019-CR], [06-22-00020-CR], [06-22-00021-CR], AND [06-22-00022-CR]." This accords with the trial court's oral sentencing. Even so, immediately below this language is a line reading, "THIS SENTENCE SHALL RUN: CONCURRENTLY."

That statement is inconsistent with both the sentence that the trial court pronounced in Pina-Salazar's presence and the judgment language quoted above. The quoted language immediately above the last sentence clearly ordered that the sentence in this case run consecutively to the sentences in the other four cases. The trial court said the same when it

---

[3]We substituted this Court's cause numbers for the trial court cause numbers, recited by the trial court, for clarity.

[4]In 06-22-00019-CR, we detailed the trial court's pronouncement of sentences from the bench. Please see our opinion in that case for said pronouncement.

pronounced sentence for this cause number in open court.

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

We modify the judgment in this case so that the line reading "THIS SENTENCE SHALL RUN: CONCURRENTLY" reads "THIS SENTENCE SHALL RUN: CONSECUTIVELY."

For the reason explained in our opinion in cause number 06-22-00019-CR, we overrule Pina-Salazar's point of error.

### III. Conclusion

As modified, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted: August 30, 2022
Date Decided: October 12, 2022

Do Not Publish

4